UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ARNOLD B. CURTIS**<br>    **LA. DOC #327401**<br>**VS.** | **CIVIL ACTION NO. 3:10-cv-0976**<br><br>**SECTION P** |
| **OFFICER JERRY W. CHILDRESS** | **JUDGE ROBERT G. JAMES**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Arnold B. Curtis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 3, 2010. When he filed this suit, he was a detainee at the Ouachita Parish Corrections Center, Monroe, Louisiana; however, he was subsequently convicted of some unspecified felony offense and is in the custody of Louisiana's Department of Public Safety and Corrections. He is currently incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana.  Plaintiff contends that he was illegally stopped and searched and then arrested on August 25, 2008, by the defendant, Officer Jerry W. Childress of the Monroe Police Department. Plaintiff sued Childress seeking "monetary damages for psychological and mental distress, lost wages, pain and suffering, and the violation of my civil rights." He has also requested appointment of counsel.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and that plaintiff's request for appointment of counsel be **DENIED**.

*Background*

On August 25, 2008, the defendant, Officer Childress of the Monroe Police Department, stopped the plaintiff because he fit the description of a burglary suspect who had previously been described by witnesses as "a black male." The incident occurred in the vicinity of the Garnier Apartments, a predominantly white neighborhood. According to plaintiff he "... was unlawfully racially profiled, accosted, stopped, and illegally questioned by Officer Jerry W. Childress..." and then "... arrested without a warrant, unlawfully searched ... unlawfully stopped, unlawfully booked without a warrant by ... Officer ... Childress on or about 3:00 p.m. on [August 25, 2008]..." According to plaintiff, the defendant's "... actions were taken without probable cause to believe a crime was committed or being committed or was about to be committed and without specifics and articulable facts..."

According to plaintiff, defendant testified at a preliminary hearing/motion to suppress hearing convened on January 4, 2010. At that hearing he stated that he was on his lunch break when he spotted plaintiff standing at the front door of the Garnier Apartments where he lived.

Plaintiff provided a copy of Officer Childress's arrest report dated August 25, 2008. According to the report,

> On 8/25/08, at approx 1503 hours, I, Officer Childress while patrolling in the 1000 block Park Ave, when I observed a subject later identified as Arnold Curtis walking near Garnier Apartments.
>
> Curtis met the description of a suspect in a prior burglary at the apartments, so I made contact with Curtis to identify him. Curtis appeared extremely nervous and could not tell me where he was coming from. Curtis asked me for directions to Booker T and then stated he would walk down Forsythe Park and cut through to Booker T, which was completely out of the way. A check for local warrants on Curtis revealed that Monroe City had an active warrant for him. I advised Curtis that he was under arrest for the warrant, handcuffed (DL/CFT) and read his Miranda warnings. I went to search Curtis incident to arrest and as I attempted to go into his front left pocket Curtis pulled his arms around and stuck his left hand in the pocket. I had to remove

Curtis' hand from that pocket several times before I was able to remove the screwdriver he had in there. I noticed a plastic bag sticking out of Curtis pants in the front just above his crotch. I attempted to get the baggy and Curtis began kicking me and tried to twist away and run. I was able to hold on to Curtis and take him to the ground ast this point I observed a wooden handle in Curtis' left rear pocket which I thought was a knife but when I removed it was a large two pronged steak fork. Curtis continued kicking at me and continued trying to roll away from me. I had to drive stun Curtis with my X-26 Taser to get him under control. Curtis still would not let me roll him over to retrieve the baggy. After several attempts I was able to retrieve the baggy which contained 23.8 grams suspected powder cocaine. Curtis also had a paper towel in his right hand which contained 2.8 grams suspected powder cocaine. I located a large table spoon in his right front pocket which was burnt on both sides and contained a white residue on it which is suspected powder cocaine. Curtis was placed in the rear of my unit.

I opened the door to talk to Curtis and he dove out of my unit almost knocking me down and attempted to flee. Curtis had several convictions to CDS II with intent and was on paper until 2019 for a prior 20 year conviction. Curtis complained of neck, back and shoulder injuries so AMR was called to scene. AMR transported Curtis to LSUMC where he was x-rayed and I was advised that he had no broken bones. Curtis was released from LSUMC and transported to OCC where he was booked. 23.8 grams of suspected cocaine, 2.8 grams suspected cocaine and table spoon logged to MPD evidence. #08-2381. Doc. 1, pp. 12-13

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon

the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint, while concise, is clear – he seeks damages for an allegedly unlawful search, seizure and arrest that occurred on August 25, 2008. As is shown below, the facts alleged thus far clearly warrant dismissal of the complaint as untimely. Further amendment is unnecessary.

*2. Limitations*

The district court is authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge

4

thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claim – that he was the victim of an unlawful search, seizure, and arrest – accrued on August 25, 2008. On that date plaintiff had knowledge of all the facts necessary to know that his rights were violated. "For the purposes of a federal civil rights action, plaintiff's illegal search and seizure and false arrest claims accrued ... when the alleged constitutional violations occurred." *Harris v. Orleans Dist. Attorney's Office*, 2009 WL 3837618, at *3 (E.D.La. Oct. 13, 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)); *Moore v. McDonald*, 30 F.3d 616 (5th Cir. 1994)("Moore certainly possessed the 'critical facts' concerning the allegedly unreasonable search ... on the day it occurred... Thus, the district court correctly concluded that Moore's claim as to the allegedly unreasonable search ... accrued on May 10, 1988, when he became 'aware that he ha[d] suffered an injury or ha[d] sufficient information to know that he ha[d] been injured...'")

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff's complaint was filed in June 2010, well beyond the 1-year period of limitations, and therefore is subject to being dismissed as frivolous.

*3. Equitable Tolling*

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law does not

5

justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. See *Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness); *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights")

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

### *4. Appointment of Counsel*

Plaintiff has also requested appointment of counsel. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28

6

U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985).

In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself. Plaintiff has not demonstrated any of the

circumstances that would warrant the appointment of counsel.

### *Orders and Recommendation*

Based on the foregoing,

Plaintiff's request for the appointment of counsel **DENIED;** and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint (42 U.S.C. §1983) seeking damages be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, December 2, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8